ROY ANDERSON CARVER, JR.                                    PETITIONER

v.                                      CIVIL ACTION NO. 1:18-CV-P27-GNS

THE COMMONWEALTH DEPARTMENT OF CORRECTIONS        RESPONDENT

## MEMORANDUM OPINION

Petitioner Roy Anderson Carver, Jr., *pro se*, brought this 28 U.S.C. § 2254 action by filing a petition for writ of habeas corpus challenging his conviction for wanton endangerment in the Warren Circuit Court (DN 1). On preliminary consideration under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court directed Petitioner to show cause why his petition should not be dismissed for failure to exhaust all available state court remedies.

According to the petition, Petitioner did not appeal from the judgment of conviction or file any other petitions, applications, or motions concerning the judgment of conviction in any state court. In the portion of the petition form asking Petitioner to explain why he had not appealed to the highest state court having jurisdiction, he states: "illegal coerced guilty plea in furtherance of Commonwealth's conspiracy for civil rights violations and obstruction of justice."

In his response (DN 8) to the Court's show-cause order, Petitioner asserts that "an avenue of state remedies" is "inapplicable and unavailable to the petitioner as a matter of Kentucky state law, and Non-Compliant to the U.S. Constitution and illumed by the extraordinary events of abuse of discretionary authority, harmful and irreversible miscarriage of justice unfairly obtain thru the trial courts' coerced loquacious 'GUILTY PLEA COLLOQUY' schemes . . . ." He appears to assert that Kentucky is biased against *pro se* litigants, in part because of its "notorious

White Nationalist Confederate Campaign body politic collective." His response also details his belief that the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) is one of the "worst statutes ever" and makes arguments about the substance of his habeas petition's claims.

Pursuant to the AEDPA, Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996), a petitioner must exhaust his remedies in state court before a federal court may grant habeas relief. 28 U.S.C. § 2254(b). As the Court explained in its show-cause order, any alleged constitutional deprivations must be asserted through the state appellate process. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). "Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, [the Supreme Court] conclude[s] that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id*. The burden is on Petitioner to demonstrate compliance with the exhaustion requirement or that the state procedure would be futile. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

Petitioner states that he has not presented his claims to the state court for review. The only reason given by Petitioner is his view that such remedies are inapplicable and unavailable to him as a matter of Kentucky state law because of the trial courts' allegedly coercive guilty-plea colloquy schemes. Simply alleging a court conspiracy does not meet the test for futility. *See, e.g.*, *Bru'ton v. Johnson*, No. 3:15-CV-00884, 2016 WL 912283, at *6 (M.D. Tenn. Mar. 9, 2016) ("The petitioner's unsupported claim of a court conspiracy against him is insufficient to excuse the exhaustion requirement.") (citing *Banks v. Smith*, 377 F. Supp. 2d 92, 95 (D.D.C. 2005)). Because Petitioner has not exhausted his state remedies and because he has not

demonstrated the futility of the state appellate procedure, the Court will dismiss the petition for failure to exhaust.

## CERTIFICATE OF APPEALABILITY

An individual who unsuccessfully petitions for writ of habeas corpus in a federal district court and subsequently seeks appellate review must secure a certificate of appealability (COA) from either "a circuit justice or judge" before the appellate court may review the appeal. 28 U.S.C. § 2253(c)(1). A COA may not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000).

When a district court denies such a motion on procedural grounds without addressing the merits of the petition, a COA should issue if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

When a plain procedural bar is present and a court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the court erred in dismissing the petition or that the petitioner should be allowed to proceed further. *Id.* In such a case, no appeal is warranted. *Id.* The Court is satisfied that no jurist of reason could find its procedural ruling to be debatable. Thus, no certificate of appealability is warranted in this case.

The Court will enter an Order consistent with this Memorandum Opinion.

Date:  May 25, 2018

**Greg N. Stivers, Judge**
**United States District Court**

cc:  Petitioner, *pro se*
      Attorney General, Commonwealth of Kentucky, Office of Criminal Appeals,
        1024 Capital Center Drive, Frankfort, KY 40601
4416.009